*JAMES GRIFFITH & SONS CO. v. FLOYD C. WILLIAMS, ADMR.

**Principal Contractor not Liable for Death of Subcontractor's Employe, Killed by the Negligence of Subcontractor Removing Wall of Burned Building, in Absence of Dangerous Condition of Wall.**

A principal contractor, who has been engaged to rebuild a structure destroyed by fire, having relet to a subcontractor the work of removing a wall left standing, is not, by reason of exception to the law of independent contractor, rendered liable for the death of an employe of such subcontractor, knocked from the wall and killed by the fall of a derrick insecurely placed by the subcontractor, there being no evidence that the wall was dangerous as a result of the fire or otherwise.

[Syllabus approved by the court.]

ERROR to common pleas court.

Isaac Bishop, doing business as the Bishop Rigging Company, one of the defendants herein, was employed by the James Griffith & Sons Company, general contractors, under contract with the Gaff estate, also one of the defendants herein, to do the wrecking and rigging necessary to the taking down of the south wall of the Freiberg building on West Fourth street left standing after the Fourth street fire. In doing this work, Mr. Bishop used a stiff legged derrick and employed in the work of taking down this wall Charles Bauman. During the progress of the work on this wall and while Mr. Bishop's men were preparing to lift a cornice stone on the southwest corner of the wall of said building, said derrick collapsed and the boom of said derrick knocked Charles Bauman from said wall causing the injuries which later resulted in his death. Floyd C. Williams was duly appointed administrator of said Bauman's estate and brought this action in his capacity as such administrator.

On the trial of the case in the common pleas a motion was made by counsel for defendant, Isaac Bishop, that plaintiff be required to elect which of the defendants he would sue to judg-

---

*Reversing, Williams v. Bishop, 22 Dec. 401; dismissed, no op., 57 Bull. 464.

Hamilton County.

ment. The motion was granted and plaintiff elected the James Griffith & Sons Company. The jury returned a verdict for plaintiff against the James Griffith & Sons Company for $2500. Decision on motion for new trial is reported, *Williams* v. *Bishop*, 22 Dec. 401 (12 N. S. 7).

*E. S. Aston* and *Prescott Smith,* for plaintiff in error:

Cited and commented upon the following authorities: Sherman & Redfield, Negligence (5 ed.) Sec. 169; Wharton, Negligence (2 ed.) Sec. 181; Wood, Mast. & Serv. Sec. 312; Meacham, Agency Secs. 747, 748; 16 Am. & Eng. Enc. Law (2 Ed.) 194; 1 Thompson, Negligence Sec. 621; *Salliotte* v. *Bridge Co.* 122 Fed. Rep. 378 [58 C. C. A. 466; 65 L. R. A. 620]; *Butler* v. *Hunter,* 7 Hurl. & N. 826; *Covington & C. Bridge Co.* v. *Steinbrock,* 61 Ohio St. 215 [55 N. E. Rep. 618; 76 Am. St. Rep. 375]; *Hexhamer* v. *Webb,* 101 N. Y. 377 [4 N. E. Rep. 755; 54 Am. Rep. 703]; *Engel* v. *Eureka Club,* 137 N. Y. 100 [32 N. E. Rep. 1052; 33 Am. St. Rep. 692]; *McCafferty* v. *Railway,* 61 N. Y. 178 [19 Am. Rep. 267]; *King* v. *Railway,* 66 N. Y. 181 [23 Am. Rep. 37]; *Harkins* v. *Sugar Refinery,* 122 Mass. 400; *Bailey* v. *Railway,* 57 Vt. 252 [52 Am. Rep. 129]; *Bowers* v. *Peate,* 1 L. R. Q. B. Div. 321; *Storrs* v. *Utica,* 17 N. Y. 104 [72 Am. Dec. 437]; *Wolf* v. *Tract Society,* 164 N. Y. 30 [58 N. E. Rep. 31; 51 L. R. A. 241]; *Deming* v. *Railway,* 169 N. Y. 1 [62 N. E. Rep. 983; 88 Am. St. Rep. 521]; *Smith* v. *Humphreyville,* 47 Civ. Tex. App. 140 [104 S. W. Rep. 495]; *Pennsylvania Co.* v. *McCurdy,* 66 Ohio St. 118 [63 N. E. Rep. 585]; *Schip* v. *Brewing Co.* 64 Minn. 22 [66 N. W. Rep. 3]; *Reilley* v. *Railway,* 122 Iowa 525 [98 N. W. Rep. 464]; *Hawver* v. *Whalen,* 49 Ohio St. 69 [29 N. E. Rep. 1049; 14 L. R. A. 828]; *Railway* v. *Morey,* 47 Ohio St. 207 [24 N. E. Rep. 269; 7 L. R. A. 701]; 3 Bates, Plead. & Prac. 2118; *Boarsman* v. *Creighton,* 93 Me. 17 [44 Atl. Rep. 121]; *Youngstown* v. *Moore,* 30 Ohio St. 133; *Hesse* v. *Railway,* 58 Ohio St. 167 [50 N. E. Rep. 354]; *Hoffman* v. *Gordon,* 15 Ohio St. 211; *Roemer* v. *Striker,* 142 N. Y. 133 [36 N. E. Rep. 808]; *Kohn* v. *State,* 33 O. C. C. 417; *Martin* v. *Traction Co.* 30 O. C. C. 703 (10 N. S. 528).

Griffith v. Williams.

*Littleford, James, Ballard, Frost & Foster,* for defendant in error:

Taking down wall not intrinsically dangerous. *Covington & C. Bridge Co.* v. *Steinbrock,* 61 Ohio St. 215 [55 N. E. Rep. 618; 76 Am. St. Rep. 375].

Contributory negligence. *Clark* v. *Stillwell-Bierce Co.* 18 Dec. 741 (6 N. S. 448).

Negligence in construction of derrick collateral negligence. *Bowers* v. *Peate,* 1 L. R. Q. B. Div. 321; *Halliday* v. *Telephone Co.* 2 L. R. Q. B. 392; *St. Paul Water Co.* v. *Ware,* 83 U. S. (16 Wall.) 566; *Circleville* v. *Neuding,* 41 Ohio St. 465; *Railway* v. *Morey,* 47 Ohio St. 207; 1 Thompson, Negligence Sec. 652.

Admission of ordinance providing for condemnation of unsafe buildings, *Covington & C. Bridge Co.* v. *Steinbrock,* 61 Ohio St. 215 [55 N. E. Rep. 618; 76 Am. St. Rep. 375].

Owner not liable to employe of independent contractor, *Schip* v. *Brewing Co.* 64 Minn. 22 [66 N. W. Rep. 3]; *Reilly* v. *Railway,* 122 Iowa 525 [98 N. W. Rep. 464]; *Hawver* v. *Whalen,* 49 Ohio St. 59 [29 N. E. Rep. 1049; 14 L. R. A. 828]; *Railway* v. *Morey,* 47 Ohio St. 207.

**JONES, J.**

The plaintiff in error employed Isaac Bishop to remove a portion of a wall. The wall was left standing after a fire which destroyed the interior of the building.

Plaintiff in error is a firm doing a general contracting business and was under a general contract to rebuild the structure.

Defendant in error, as administrator of one Bauman, recovered a judgment below against plaintiff in error for damages; Bauman was employed by Bishop on said work and while engaged in tearing down the wall was killed by the collapse of the derrick, a portion of which in falling knocked him off the wall.

The derrick was the property of Bishop. Mr. Griffith testified that his firm retained no control over the manner in which the work was to be done. There was no effort made to contradict his evidence on this point. Defendant in error contends

not about the fact and conditions of the contract between Bishop and the Griffith Company, but about its legal effect. He claims that the work undertaken was necessarily dangerous and "intrinsically hazardous" and that, therefore, the Griffith Company could not shift or escape responsibility by employing Bishop to do it.

In other words, that this case by reason of the dangerous nature of the work to be done, furnishes one of the recognized exceptions of the law of "independent contractor."

Upon this contention, plaintiff's cause of action wholly rests and under our view of the case we have found it unnecessary to consider any other question.

The case of *Covinglon & C. Bridge Co.* v. *Steinbrock*, 61 Ohio St. 215 [55 N. E. Rep. 618; 76 Am. St. Rep. 375], is cited by defendant in error and relied upon as deciding that all fire walls are dangerous and that an owner or head-contractor can not escape liability for negligence in removing a fire wall by contracting with another to do the work.

We do not think the case has this sweeping effect. The court on page 221 of the opinion thus describes the wall in that case:

"It was from the time of the fire a mere ruin, bulged out toward the east and manifestly dangerous to the public."

The court decided that the owner was liable for damages to third persons from the falling of such wall through the negligence of the contractor and his employes.

If the injury had resulted in the case at bar from the falling of the wall, then only would the condition of the wall have been a controlling consideration. It is only where the wall is a "mere ruin" and "manifestly dangerous" that the owner can not shift responsibility for its falling from lack of ordinary care on the part of the contractor. This is what *Covington & C. Bridge Co.* v. *Steinbrock*, *supra*, decides and is as far as it can be extended.

There is no evidence in this case that the wall was "bulged" in or out, or was "manifestly dangerous." On the contrary it was shown to be plumb. With the exception of a few feet on

the top of the wall upon which Bauman was at work, it was to remain and to be used again. The top had been ordered removed owing to the greater heat to which it had been exposed upon the theory that in the future disintegration might take place.

But we think these considerations have nothing to do with the question before us, and they are mentioned here only because counsel for defendant in error has so strongly urged his contention as to the applicability of the Steinbrock case.

Even if the evidence had shown this wall to have been out of "plumb" and "manifestly dangerous," we are of the opinion that the principal contractor would only be liable for damage directly resulting from the defective condition of the wall. The evidence shows that the injury to Bauman which caused his death was caused by the falling of the derrick which was placed on the work, owned and operated by Bishop. This derrick was not carefully or firmly secured. It was used for the purpose of hoisting the stones and removing them from this wall. Bauman was not killed because he was on the wall, but because, unfortunately, he happened to be in the course of the falling derrick. This derrick was merely an instrument used in removing the wall and it seems to the court that, if its collapse, through negligence of Bishop, could be charged to the owner of the property or head-contractor, an injury done by one of Bishop's wagons engaged in hauling the stone away from the premises could be held, with as much reason and consistency, to be the act of the Griffith Company.

The case of *Jacobs* v. *Fuller*, 67 Ohio St. 70 [65 N. E. Rep. 617], cited by defendant in error, does not support his contention. It is distinguished by the fact that there the dangerous machine was the property of the owner, while in the case now under consideration the derrick was not.

The answer of defendant does not set up the defense that Bishop was an independent contractor. We are inclined to think that the defense is available under a general denial, but if there is doubt on that point, we think the question immaterial. It was not raised in the argument of the case. No objection was

Hamilton County.

made to the evidence showing the contract to be an independent one. In fact, this evidence was brought out by plaintiff below in the examination of Mr. Griffith. The case was tried by plaintiff upon the theory, as now urged, that the "fire-wall" element in the contract determined its legal effect and the relation of the parties, notwithstanding its terms may have been such as would under other circumstances have created an independent contract.

We are of the opinion that the verdict below was not sustained by the evidence and was against the law, and that the motion at the close of the evidence by defendant for a verdict should have been sustained.

Judgment reversed and judgment in this court for plaintiff in error.

**Smith** and **Swing, JJ.,** concur.